UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NEUROGRAFIX ('360) PATENT LITIGATION    MDL No. 2432


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Philips Electronics North America Corporation (Philips) moves for centralization of this litigation in the Central District of California.[1] The litigation encompasses the ten actions listed on Schedules A and B.[2] All ten actions involve alleged infringement of the 5,560,360 ('360) patent, which relates to the imaging of nerve tissue.[3]

Defendants in eight actions support Philips's motion, but specifically request that any substantive orders entered by the various transferor courts remain in place post-transfer.[4] Common plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc., and Image-Based Surgicenter Corp. (collectively NeuroGrafix), however, oppose the motion. If the Panel orders centralization over its objections, then NeuroGrafix argues that the Panel should select the Northern District of Illinois, the District of Massachusetts, or the Southern District of New York as transferee district.

In opposing centralization, NeuroGrafix argues, *inter alia*, that there are too few actions to warrant centralization. NeuroGrafix contends that the action pending in the Court of Federal Claims cannot be transferred under Section 1407, and notes that several of the other actions (including four of the five District of Massachusetts actions and the Southern District of New York action) have been stayed. While we agree with NeuroGrafix with respect to transfer of the Court of Federal Claims action, we are nevertheless persuaded that centralization is warranted in these circumstances.

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] In its reply brief, Philips requests, in the alternative, centralization in the District of Massachusetts.

[2] As filed, the Section 1407 motion encompassed two additional actions, one in the District of Colorado and one in the Southern District of New York. Both actions have since been dismissed.

[3] The patent's title is "Image Neurology and Diffusion Anisotropy Imaging."

[4] These defendants are defendants in four of the five District of Massachusetts actions (Philips is the defendant in the fifth action in that district), the District of Maryland action, the two Northern District of Illinois actions, and the one still pending action in the Southern District of New York.

- 2 -

Our principal governing statute provides that "when civil actions involving one or more common questions of fact are pending in *different districts*," such actions may be centralized by the Panel.  *See* 28 U.S.C. § 1407(a) (emphasis added).  In neither Section 1407 nor elsewhere in Title 28 is the Article I Court of Federal Claims referred to as a "district court."  Rather, it is described as a "court of record."  *See* 28 U.S.C. § 171(a).  Moreover, the Court of Federal Claims is a court of nationwide jurisdiction.  It is not defined by geographical boundaries like those of a district court.  For these reasons, we conclude that Section 1407 does not authorize transfer of actions pending in the Court of Federal Claims.[5]

Even without including the Court of Federal Claims action in centralized proceedings, however, there are still nine actions pending in four districts.  As mentioned, all actions involve the same patent, which, upon even a cursory review of the claims therein, seems relatively complex.  Although certain of the actions are presently stayed, those actions will not remain stayed forever, and their resolution appears almost certain to turn on the resolution of the unstayed actions.  Centralization thus likely will result in significant efficiencies.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[6]  The subject actions share factual issues involving the '360 patent, and centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (on claim construction and other matters), and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the District of Massachusetts is an appropriate transferee district for this litigation.  Five of the actions on Schedule A are already pending in that district, including both one so-called "manufacturer" action (*i.e.*, the action against Philips) and four so-called "user" actions (*i.e.*, actions against various hospital defendants).  Philips is headquartered in the District of Massachusetts, and the district appears to be relatively convenient for not only the defendants in actions pending in that district but also those in the District of Maryland and Southern District of New York actions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of

---

[5]   Nothing, of course, prevents the transferee court and the Court of Federal Claims from engaging in informal coordination, if and to the extent they deem such coordination desirable and practicable.

[6]   We lack the authority to grant responding defendants' request that any substantive orders entered by the various transferor courts remain in place post-transfer.  *See In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1021 (J.P.M.L. 1978) ("[T]he Panel has neither the power nor the inclination to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings are to be conducted by the transferee judge.").  Defendants are free to make that request to the transferee judge.

- 3 -

Massachusetts, and, with the consent of that court, assigned to the Honorable Judge Richard G. Stearns for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of the Court of Federal Claims action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Paul G. Barbadoro
Charles R. Breyer        Lewis A. Kaplan

IN RE: NEUROGRAFIX ('360) PATENT LITIGATION                               MDL No. 2432

## SCHEDULE A

<u>Northern District of Illinois</u>

NeuroGrafix, et al. v. The University of Chicago Medical Center, et al., C.A. No. 1:12-06068
NeuroGrafix, et al. v. Brainlab, Inc., et al., C.A. No. 1:12-06075

<u>District of Maryland</u>

NeuroGrafix, et al. v. The Johns Hopkins University, et al., C.A. No. 1:12-02181

<u>District of Massachusetts</u>

NeuroGrafix, et al. v. Philips Electronics North America Corporation, et al.,
    C.A. No. 1:12-11065
NeuroGrafix, et al. v. Beth Israel Deaconess Medical Center, Inc., et al., C.A. No. 1:12-11274
NeuroGrafix, et al. v. Brigham and Womens Hospital, Inc., et al., C.A. No. 1:12-11275
NeuroGrafix, et al. v. Trustees of Boston University, et al., C.A. No. 1:12-11276
NeuroGrafix, et al. v. Trustees of Tufts College, et al., C.A. No. 1:12-11277

<u>Southern District of New York</u>

Neurography Institute Medical Associates, Inc., et al. v. The Trustees of Columbia
    University in the City of New York, C.A. No. 1:12-08023

**IN RE: NEUROGRAFIX ('360) PATENT LITIGATION**  MDL No. 2432

**SCHEDULE B**

<u>United States Court of Federal Claims</u>

NeuroGrafix, et al. v. United States, C.A. No. 1:12-00385